IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK J. CERCIELLO, M.D., | |
| Plaintiff, | |
| | CIVIL ACTION |
| v. | NO. 12-6933 |
| S. TERRY CANALE, M.D., | |
| Defendant. | |

## OPINION

**Slomsky, J.**                                                                                    **July 31, 2013**

## I.    INTRODUCTION

After testifying as an expert witness in a medical malpractice case, Plaintiff Mark

Cerciello, M.D. ("Plaintiff"), an orthopedic surgeon practicing in Pennsylvania, was suspended

by the American Academy of Orthopedic Surgeons and American Association of Orthopedic

Surgeons ("AAOS" or the "Association") for violation of the Association's Mandatory Standards

of Professionalism on Orthopedic Expert Witness Testimony.  The AAOS provides information

about suspensions in its monthly newsletter AAOS Now, which is published in Illinois and

available on the AAOS website.  The suspension of Plaintiff by the AAOS was the subject of an

article in AAOS Now.

Defendant S. Terry Canale, M.D. ("Defendant"), is the Editor-in-Chief of AAOS Now,

and held this position at the time the article about Plaintiff's suspension from AAOS was

published in the December 2011 issue of AAOS Now.[1]  Based on this publication, Plaintiff

initiated the present action against Defendant alleging tortious interference with contractual

relations, commercial disparagement, defamation, and false light invasion of privacy.

---

[1] Defendant is also an orthopedic surgeon practicing in Tennessee.

Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 12(b)(7) for failure to join an indispensable party.

For reasons that follow, the Court will grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction because Defendant does not have the minimum contacts with Pennsylvania required for the Court to maintain personal jurisdiction over him.[2]

## II.    FACTUAL BACKGROUND

Plaintiff Mark Cerciello, M.D., is a board certified orthopedic surgeon residing in Pennsylvania.  (Doc. No. 1-2 at 2.)  He has maintained an orthopedic clinical practice since 1969.  (Id.)  He also has testified as an orthopedic expert witness and has been a member of AAOS since the early 1970s.  (Id.)  AAOS is the world's largest medical association of musculoskeletal specialists and has approximately 36,000 members worldwide.  (Doc. No. 4-7 at 2.)

In January 2010, Plaintiff submitted an expert witness report in a medical malpractice case alleging that Menachem Meller, M.D., a fellow AAOS member, deviated from professional standards of care for an orthopedic surgeon, and this deviation caused harm to a patient.  (Doc. No. 1-2 at 6, 22.)  Thereafter, Dr. Meller filed a grievance with AAOS requesting that AAOS investigate whether Plaintiff had violated the Association's Standards of Professionalism on Orthopedic Expert Witness Testimony.  (Id. at 4.)  AAOS permits doctors found liable of malpractice to file a grievance against the doctor who assisted the plaintiff as an expert in the medical malpractice case.  (Id. at 3.)  After the Association determined in accordance with its

---

[2] Because the Court will dismiss the Complaint for lack of personal jurisdiction, the Court will not address Defendant's other arguments.

procedures that Plaintiff had violated certain standards, it sent Plaintiff a letter informing him that he would be suspended from the Association for two years.  (Id. at 7.)

Defendant S. Terry Canale, M.D., is an orthopedic surgeon residing and practicing in Memphis, Tennessee.  (Doc. No. 11 at 21.)  As noted, Defendant is also the Editor-in-Chief of AAOS Now, which is the official monthly news publication of the Association.  (Id. at 22.)  The position of Editor-in-Chief requires that Defendant "review all the material that goes into the publication" and edit and approve every word that is published.  (Doc. No. 11 at 22, 28.)  The position is paid and Defendant receives approximately $100,000 a year for his work as Editor-in-Chief.  (Id. at 24.)  AAOS's publishing offices are located in Rosemont, Illinois.  (Doc. No. 4-7 at 2.)

In December 2011, notice of Plaintiff's suspension was published in AAOS Now.  (Doc. No. 1-2 at 7.)  AAOS Now is distributed to every orthopedic surgeon who is a member of the Association, including orthopedists in Pennsylvania. (Doc. No. 11 at 27-28.)  Each monthly issue also appears on the Internet and can be accessed in any state.  (Id.)  According to AAOS literature, the publication is sent to approximately 26,686 people around the world.  (Doc. No. 4-7 at 4-5.)  Moreover, the AAOS website (www.AAOS.org) receives approximately 255,000 unique visitors each month.[3]  (Id.)  As reported by an AAOS census survey, in 2004 there were approximately 743 practicing orthopedic surgeons in the state of Pennsylvania.  (Doc. No. 4-6 at 3.)

---

[3] A unique visitor is "an [I]nternet user who is only counted once, regardless of the number of times he or she accesses a site."  WebMD, LLC v. RDA Int'l, Inc., No. 102830/08, 2009 WL 175036, at *1 (N.Y. Sup. Ct. Jan. 6, 2009).

After the article was published, Plaintiff contacted the Association and threatened to file a lawsuit. (Doc. No. 3-2 at 2.)  In May 2012, AAOS filed a complaint against Plaintiff in the United States District Court for the Northern District of Illinois seeking a declaratory judgment that it had legally suspended Plaintiff's membership. (Doc. No. 4-2 at 3; Doc. No. 4-4 at 2.)  In December 2012, Plaintiff filed this suit against Defendant in the Eastern District of Pennsylvania. (Doc. No. 1-2 at 2.)  Plaintiff contends he suffered damages as a result of the publication of the article about his suspension, including loss of employment, loss of earnings, loss of future income, pain, suffering, embarrassment, and loss of public reputation. (Id. at 9, 14.)  He alleges claims against Defendant, including tortious interference with contractual relations, commercial disparagement, defamation, and false light invasion of privacy. (Id. at 10-14.)  Defendant has moved to dismiss the action for, among other reasons, lack of personal jurisdiction. (Doc. No. 3 at 1.)  In view of this claim, the Court permitted the parties to engage in limited discovery on the personal jurisdictional issue, namely, deposing Defendant on his Pennsylvania contacts.

At his deposition, Defendant testified that he did his residency and medical internship at Jefferson Medical College in Philadelphia, Pennsylvania, but he has not lived or practiced medicine in Pennsylvania since 1972. (Doc. No. 11 at 22.)  The only trips taken by him to Pennsylvania since 1972 have been to speak to the orthopedic department at Jefferson Medical College and to attend the AAOS 2012 Fall Meeting in Philadelphia. (Id. at 24, 29.)  Defendant receives updates from his alma mater but does not have contact with anybody at Jefferson Medical College regarding articles for AAOS Now. (Id. at 26.)  He has been contacted occasionally by Freddie Fu, M.D., at the University of Pittsburgh regarding five or six articles that Dr. Fu has written. (Id.)  In addition, Defendant does not own real estate in Pennsylvania, does not have any interest in any real estate groups that do business in Pennsylvania, and does

not have any financial investments with any groups that own or do business in Pennsylvania. (Id. at 22.)

Defendant does not have involvement with the printing or distribution of AAOS Now. He did not author the article about Plaintiff's suspension.  (Id. at 27-28.)  Although not the author, Defendant did personally edit and oversee the publication of the article describing Plaintiff's suspension.  (Id. at 28.)  While Defendant is aware that articles he reviews will be posted on the AAOS website, he does not actively solicit any business or advertising in Pennsylvania on the Internet.  (Doc. No. 10 at 9; Doc. No. 11 at 27.)  Defendant has no role in the design and operation of the AAOS website.  (Id. at 27.)  Due to his position as Editor-in-Chief, Defendant's picture appears on the AAOS website.  The picture is on the same page as the website version of the article discussing Plaintiff's suspension.  A caption identifies him as Editor-in-Chief.  (Doc. No. 11 at 27; Doc. No. 4-3 at 2.)[4]

## III.    STANDARD OF REVIEW

"Once a defendant challenges a court's exercise of personal jurisdiction [through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2)], the plaintiff bears the burden of establishing personal jurisdiction."  D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009).  To meet this burden, "the plaintiff must present 'competent evidence' demonstrating that the defendant has the requisite minimal contacts with the forum to warrant the exercise of personal jurisdiction over the defendant."  Eubanks v.

---

[4] In deciding this Motion, the Court has considered the following: the Complaint (Doc. No. 1-2); Defendant's Motion to Dismiss (Doc. No. 3); Plaintiff's Response in Opposition (Doc. No. 4); Defendant's Reply (Doc. No. 6); the arguments of Counsel at the hearing held on January, 28, 2013; Defendant's Supplemental Brief (Doc. No. 10); Plaintiff's Supplemental Brief (Doc. No. 11); and Defendant's Supplemental Reply (Doc. No. 14).

<u>Filipovich</u>, No. 12-4299, 2012 WL 6731123, at *1 (E.D. Pa. Dec. 27, 2012) (quoting <u>Miller</u>

<u>Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 101 n.6 (3d Cir. 2004)).

"[I]n reviewing a motion to dismiss [under Rule 12(b)(2)], [a court] must accept all of the

plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  <u>Pinker v.</u>

<u>Roche Holdings Ltd.</u>, 292 F.3d 361, 368 (3d Cir. 2002) (internal citations and quotations

omitted).  However, a "plaintiff cannot 'rely on the bare pleadings alone in order to withstand' a

12(b)(2) motion.  Instead, a plaintiff 'must sustain [his] burden of proof in establishing

jurisdictional facts through sworn affidavits or other competent evidence,' such as deposition

testimony."  <u>Simons v. Arcan, Inc.</u>, No. 12-1493, 2013 WL 1285489, at * 2 (E.D. Pa. Mar. 28,

2013) (quoting <u>Time Share Vacation Club v. Atlantic Resorts</u>, 735 F.2d 61, 66 n.9 (3d Cir.

1984)).

## IV.    ANALYSIS

Defendant contends that the Complaint should be dismissed for lack of personal

jurisdiction because he is a resident of Tennessee, practices medicine in Tennessee, works as the

Editor-in-Chief of an Illinois publication, and has had few contacts with Pennsylvania since he

last resided here in 1972.  The Court agrees.

"'A federal court may assert personal jurisdiction over a nonresident of the state in which

the court sits to the extent authorized by the law of the [forum] state.'"  <u>Wolstenholme v. Bartels</u>,

No. 11-3767, 2013 WL 209207, at *3 (3d Cir. Jan. 18, 2013) (quoting <u>Carteret Sav. Bank, FA v.</u>

<u>Shushan</u>, 954 F.2d 141, 144-45 (3d Cir. 1992)).  To determine if a court may assert personal

jurisdiction "involves a two-step inquiry whereby courts first determine whether the forum

state's long-arm statute extends jurisdiction to the nonresident defendant, and then determine

whether the exercise of that jurisdiction would comport with federal due process principles."

Willyoung v. Colo. Custom Hardware, Inc., No. 08-17, 2009 WL 3183061, at *3 (W.D. Pa. Sept. 30, 2009) (citing Pennzoil Prods. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 202-03 (3d Cir. 1998)).

The forum state in this case is Pennsylvania. The long-arm statue in Pennsylvania allows for general or specific personal jurisdiction to be exercised over nonresidents.  Wolstenholme, 2013 WL 209207, at *3.  General jurisdiction is governed by 42 Pa. Cons. Stat. § 5301(a), which states:

> [R]elationships between a person and this Commonwealth [that] shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his [or her] personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative.

Id.; Mendel v. Williams, 53 A.3d 810, 817 (Pa. Super. Ct. 2012).  "When jurisdiction over a defendant is based on section 5301(a), any cause of action may be asserted against the defendant, whether or not it arises from the defendant's conduct in Pennsylvania."  Mendel, 53 A.3d 810, 817.  To assert general jurisdiction, a defendant must have "continuous and systematic" contact with the forum state.  Id. at 818.  "'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . .'"  Id. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011)).

Given the nature of the rather infrequent contact Defendant has had with Pennsylvania, Plaintiff does not contend in this case that the Court can exercise general jurisdiction over Defendant, a resident of Tennessee.  Rather, Plaintiff claims this Court has specific jurisdiction over Defendant.  Specific jurisdiction in Pennsylvania is governed by 42 Pa. Cons. Stat. § 5322. Mendel, 53 A.3d at 820.  "Section 5322(a) contains ten paragraphs that specify particular types of contact with Pennsylvania deemed sufficient to warrant the exercise of specific jurisdiction." Id.  "[S]ection 5322(b) operates as a 'catchall,' providing that jurisdiction may be exercised over

persons who do not fall within the express provisions of section 5322(a) to the fullest extent permitted by the Due Process Clause of the United States Constitution." Id. at 821.[5] "Regardless, if a defendant's activities in Pennsylvania only give rise to jurisdiction under section 5322(a) or (b), the plaintiff's cause of action is limited to those activities which formed the basis of jurisdiction." Id. If jurisdiction is found to be proper under the Pennsylvania long-arm statute, a plaintiff must also show that "the exercise of jurisdiction conforms with the Due Process Clause." Id.

In sum, Plaintiff claims here that the Court has specific jurisdiction over Defendant based on one or more of the following subsections of 5322(a) noted above:

(a) General rule. — A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.
(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.
(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

---

[5] 42 Pa. Cons. Stat. § 5322(b) provides:

In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

> (v) The ownership, use or possession of any real property situate within this Commonwealth . . . .

. . . .

> (3) Causing harm or tortious injury by an act or omission in this Commonwealth.

> (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

> (5) Having an interest in, using, or possessing real property in this Commonwealth. . . .

Id.[6]  The Court will discuss Sections 5322(a)(1), (3), (4), and (5) individually as they apply to Defendant's conduct within Pennsylvania.

## A. Transacting Business in the Commonwealth

Section 5322(a)(1) allows the exercise of personal jurisdiction over a defendant when that party transacts business within the Commonwealth.

> Establishing personal jurisdiction over an individual on the basis of 'doing business' requires that the evidence show not only that the individual did business within Pennsylvania as defined in [5322(a)(1)] but that the business was done by the individual for himself and not for or on behalf of the corporation.

Bucks Cnty. Playhouse v. Bradshaw, 577 F. Supp. 1203, 1210 (E.D. Pa. 1983) (quoting Techno v. Dahl Assocs., Inc., 521 F. Supp. 1036, 1037 (W.D. Pa. 1981)).

In this case, Defendant has been sued in his individual capacity.  To find personal jurisdiction over him under this subsection of the long-arm statute, the business referred to must arise from business he personally conducted in Pennsylvania.  Here, the only trips made by Defendant to Pennsylvania since he was a medical student have been to speak twice at his alma mater and to attend an annual meeting of AAOS in 2012.  Defendant's business as an orthopedic

---

[6] As stated above, Section 5322(a) contains ten subsections describing types of contact with Pennsylvania that are sufficient to establish specific jurisdiction.  In this case, Plaintiff relies on subsections (1), (3), (4), and (5).  The Court, therefore, will only address these four subsections of 5322(a).

surgeon is located in Tennessee and is not directed toward Pennsylvania. Since 1972, he has not resided, practiced medicine, or performed surgery in Pennsylvania.

Moreover, Plaintiff's cause of action is not a result of Defendant doing business in Pennsylvania. Plaintiff's claims against Defendant are based on his work as Editor-in-Chief of AAOS Now. Beyond the one AAOS annual meeting in Pennsylvania and sporadic contacts with Dr. Fu regarding articles for AAOS Now, none of which are the subject of this litigation, Defendant has not conducted any business on behalf of the Association in Pennsylvania. Therefore, personal jurisdiction over Defendant under Section (a)(1) of the Pennsylvania long-arm statute is not warranted.

### B. Causing Harm or Tortious Injury by an Act or Omission in This Commonwealth

Section 5322(a)(3) permits personal jurisdiction over a party that causes harm or tortious injury in Pennsylvania. An act must occur while a nonresident defendant is in Pennsylvania for the court to use the act as a basis for specific jurisdiction under the Pennsylvania long-arm statute. Rototherm Corp. v. Penn Linen & Unif. Serv., Inc., No. 96-6544, 1997 WL 419627, at *6 n.6 (E.D. Pa. July 3, 1997); A & F Corp. v. Bown, No. 94-4709, 1995 U.S. Dist. LEXIS 6328, at *4 (E.D. Pa. May 10, 1995).

In the present case, any direct involvement Defendant had with the December 2011 publication of AAOS Now did not occur in Pennsylvania, but rather in Illinois and Tennessee. Defendant's editing and approval of the article reporting Plaintiff's suspension did not occur in Pennsylvania. Accordingly, any harm that is the basis for the present lawsuit did not arise from Defendant's actions or activities in Pennsylvania. Given the nature of the harm alleged by Plaintiff and the location of any acts on the part of the Defendant which may have contributed to

10

it, personal jurisdiction does not exist in this case based on anything that occurred in Pennsylvania.

### C.  Causing Harm or Tortious Injury by an Act or Omission Outside the Commonwealth

Section 5322(a)(4) of the Pennsylvania long-arm statute permits personal jurisdiction over a defendant when a party has caused "harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."  42 Pa. Cons. Stat. § 5322(a)(4).  Here, Plaintiff alleges that he suffered harm in Pennsylvania.  His medical practice and residence are located in Pennsylvania, and any harm caused by the announcement of his suspension would be felt in Pennsylvania.  Plaintiff states in the Complaint that as a result of the December 2011 publication of AAOS Now, he suffered damages including loss of employment, loss of credibility, pain, suffering, embarrassment, humiliation, and lost income and revenue.  Further, Plaintiff explains that the print and website publication of AAOS Now are read in Pennsylvania and that every board certified orthopedic doctor in Pennsylvania receives a copy of the written publication.

Assuming Defendant's actions outside Pennsylvania caused harm to Plaintiff in it, then "[o]nce it is determined that jurisdiction is authorized by the Long-Arm Statute, the party seeking relief must demonstrate that the exercise of jurisdiction conforms with the Due Process Clause."  Mendel v. Williams, 53 A.3d 810, 821 (Pa. Super. Ct. 2012).  The Third Circuit has explained that to demonstrate the exercise of specific jurisdiction conforms with the Due Process Clause, the following analysis must be conducted:

> First, we ask whether the defendant's activities were purposefully directed at the forum. We then consider whether the litigation arises out of or relates to at least one of those activities. Finally, if we answer the first two parts in the affirmative, we consider the traditional notions of fair play and substantial justice underscored in International Shoe.

Wolstenholme v. Bartels, No. 11-3767, 2013 WL 209207, at *3 (3d Cir. Jan. 18, 2013)
(internal citations and quotations omitted).

Despite the fact that harm to Plaintiff would occur in Pennsylvania, "[t]here is a critical
difference between an act which has an effect in the forum and one directed at the forum itself."
Surgical Laser Techs., Inc. v. C.R. Bard, Inc., 921 F. Supp. 281, 285 (E.D. Pa. 1996) (footnote
omitted).  "[T]he fact that harm is felt in Pennsylvania from conduct occurring outside
Pennsylvania is not sufficient to satisfy due process unless the defendant targets Pennsylvania
through the tortious conduct."  Eubanks v. Filipovich, No. 12-4299, 2012 WL 6731123 at *3
(E.D. Pa. Dec. 27, 2012) (quoting Santana Prods., Inc. v. Bobrick Washroom Equip., 14 F. Supp.
2d 710, 715 (M.D. Pa. 1998)).  In Eubanks, the plaintiff asserted that the defendant, a California
resident, caused harm in Pennsylvania through an e-mail and multiple telephone calls made into
the forum and therefore jurisdiction should have been proper under Section 5322(a)(4).
Eubanks, 2012 WL 6731123 at *5.  The court in Eubanks held that these contacts were
"insufficient" to show that the defendant had purposely targeted the forum and dismissed the
action for lack of personal jurisdiction.  Id.

Further, "'simply asserting that the defendant knew that the plaintiff's principal place of
business was located in the forum would be insufficient in itself . . . . The defendant must
manifest behavior intentionally targeted at and focused on the forum."'  Remick v. Manfredy,
238 F.3d 248, 258 (3d Cir. 2001) (quoting IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265
(3d Cir. 1998)).  In Remick, the Third Circuit held that letters giving rise to a defamation claim,
which were faxed directly to the plaintiff's office did not create sufficient ties to the forum to
support personal jurisdiction for tortious conduct occurring outside of the forum.  Remick, 238
F.3d at 259.  In reaching this conclusion the court stated, "it cannot be said that the defendants

here expressly aimed their conduct at Pennsylvania so that Pennsylvania was the focal point of the tortious activity."  Id.

Similarly in this case, Defendant did not specifically target Pennsylvania through his editorial review of AAOS Now and Plaintiff has failed to demonstrate that Defendant's actions were purposefully directed at Pennsylvania.  While Defendant edited and authorized the article detailing Plaintiff's suspension, he did not personally author the article, nor does he oversee the distribution or publishing of the print or web version of AAOS Now.  Defendant is aware that AAOS Now is distributed to orthopedists in Pennsylvania, but his actions do not rise to the level of targeted action required to establish specific jurisdiction.

Because Defendant has not "purposefully directed" his activities at the forum as required by the first step of the three part analysis set out in Wolstenholme, personal jurisdiction does not conform with the Due Process clause in this case.  See Wolstenholme, 2013 WL 209207, at *3. Defendant has no involvement in the distribution of AAOS Now and there is no evidence that the distribution of the publication is focused on Pennsylvania more than any other state.  If these facts permitted personal jurisdiction over Defendant under subsection (a)(4), it would follow that Defendant could be sued in any forum where AAOS Now can be read in print or online, and for any article published under his editorship at the Association.  Such a result would be impermissible under the Due Process Clause.  Therefore, personal jurisdiction over Defendant is improper under Section 5322(a)(4).

**D.  Having an Interest In, Using, or Possessing Real Property in the Commonwealth**

Section 5322(a)(5) of the Pennsylvania long-arm statute authorizes personal jurisdiction over a party when that party has "an interest in, using, or possessing real property in this Commonwealth."  42 Pa. Cons. Stat. § 5322(a)(5).  During his deposition, Defendant testified

that he does not own real estate in Pennsylvania, does not have any interest in any real estate

groups that do business in Pennsylvania, and does not have any financial investments with any

groups that own or do business in Pennsylvania.  Because Defendant does not own, or have an

interest in property in Pennsylvania, personal jurisdiction is not established under subsection

(a)(5) of the Pennsylvania long-arm statute.

### E.  Personal Jurisdiction Based On AAOS Website Operation

In the alternative, Plaintiff relies on the case of Zippo Manufacturing Company v. Zippo

Dot Com, Inc., 952 F. Supp. 1119, 1124 (E.D. Pa. 1997), to demonstrate that the publication of

AAOS Now on the Internet is enough to give Pennsylvania personal jurisdiction over Defendant.

(Doc. No. 11 at 16-17.)[7]  In Zippo, the court set forth a sliding scale test to determine when

jurisdiction is appropriate over a party operating a website in a forum.  Zippo, 952 F. Supp. at

1124; Toys "R" Us Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) (stating that the

opinion in Zippo has become "seminal authority" for cases involving personal jurisdiction based

on the operation of a website).  The Zippo court stated:

> At one end of the spectrum are situations where a defendant clearly does business
> over the Internet. If the defendant enters into contracts with residents of a foreign
> jurisdiction that involve the knowing and repeated transmission of computer files
> over the Internet, personal jurisdiction is proper. At the opposite end are situations
> where a defendant has simply posted information on an Internet [website] which
> is accessible to users in foreign jurisdictions. A passive [website] that does little
> more than make information available to those who are interested in it is not
> grounds for the exercise of personal jurisdiction.  The middle ground is occupied
> by interactive [websites] where a user can exchange information with the host
> computer. In these cases, the exercise of jurisdiction is determined by examining
> the level of interactivity and commercial nature of the exchange of information
> that occurs on the [website].

---

[7] Personal jurisdiction based on Internet activity, while not expressly mentioned in
Pennsylvania's long-arm statute, could fall within the catchall provision of 42 Pa. Cons. Stat.
§ 5322(b) noted previously.

Zippo, 952 F. Supp. at 1124 (internal citations omitted).  "[M]ere presence on the World Wide Web does not establish the minimum contacts necessary to subject a corporation to personal jurisdiction on a worldwide basis."  Morantz, Inc. v. Hang & Shine Ultrasonics, Inc., 79 F. Supp. 2d 537, 539 (E.D. Pa. 1999) (rejecting the notion that a defendant's maintenance of a website that is accessible to individuals within Pennsylvania constitutes sufficient minimum contacts to subject them to personal jurisdiction in Pennsylvania).  In Marten v. Godwin, the Third Circuit held that no personal jurisdiction existed over an Internet based university because the plaintiff failed to demonstrate that the defendants expressly aimed defamatory conduct at Pennsylvania. 499 F.3d 290, 298 (3d Cir. 2007).  The Third Circuit stated that "even if we assume [the plaintiff] felt the brunt of the harm in Pennsylvania, [the plaintiff] has utterly failed to persuade us that defendants expressly aimed their allegedly retaliatory conduct at Pennsylvania."  Id. at 299.

Here, the AAOS website is insufficient to enable this Court to exercise personal jurisdiction over Defendant for two reasons.  First, although Defendant is aware that articles he reviews will be posted on the website, he has no role in the design, maintenance, or operation of the AAOS website.  (Doc. No. 11 at 27.)  Moreover, Defendant does "not actively solici[t] any business or advertising in Pennsylvania by use of the [i]nternet."  (Doc. No. 10 at 9.)

Second, the AAOS website does not fit into the active site classification on the Zippo sliding scale framework.  The article that is the subject of this litigation was simply posted on the AAOS website.  Under the Zippo analysis, the posted article was on a passive website that made information available to the public.  This minimal activity is not grounds for personal jurisdiction.  Accordingly, Plaintiff has not met his burden to demonstrate that the existence of the article detailing his suspension on the Internet gave Pennsylvania personal jurisdiction over Defendant.

**V.      CONCLUSION**

Consequently, the Court will grant Defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction.  An appropriate Order follows.